606 A.2d 815

REGIONAL RECYCLING, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. THE STATE OF NEW JERSEY, DEPARTMENT OF ENVIRONMENTAL PROTECTION AND ENERGY, DEFENDANT–RESPONDENT, AND COUNTY OF ESSEX, DEPARTMENT OF PLANNING AND ECONOMIC DEVELOPMENT, DIVISION OF SOLID WASTE MANAGEMENT, DEFENDANT.

Argued November 4, 1991—Decided May 12, 1992.

*Thomas A. McKinney,* argued the cause for appellant (*Waldman, Renda & McKinney,* attorneys).

*Craig S. Provorny,* Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo,* Attorney General of New Jersey, attorney; *Mary C. Jacobson,* Deputy Attorney General, of counsel).

PER CURIAM.

A dissenting opinion in the Appellate Division presents the narrow issue posed by this appeal: whether Essex County or the Department of Environmental Protection and Energy (DEPE) should first entertain appellant's application for a solid waste facility (SWF) permit for the recycling facility and transfer station it has operated in Newark since at least 1987. The Appellate Division majority held that DEPE cannot grant an SWF permit to an Essex County facility that is not included in the Essex County solid waste management plan, and accordingly reversed the Chancery Division order directing DEPE to review appellant's SWF permit application. *Regional Recycling, Inc. v. DEPE,* 256 *N.J.Super.* 94, 102–103, 606 *A.*2d 817, 821–822 (1990).

Not addressed by the Appellate Division majority and not before this Court—but indispensable to the ultimate resolution of this litigation—is the issue pressed by Essex County, then a party to the proceeding, before the Chancery Division. Essex County was apparently indifferent about whether it or the DEPE had initial jurisdiction over appellant's application for an SWF permit. Its concern was that DEPE had not adopted sufficient regulatory requirements or verification procedures to assure that the residue of any waste generated in Essex County and received for sorting at appellant's transfer station be delivered ultimately to the disposal site designated by Essex County's prevailing waste-flow directive. Essex County alleged that approximately 1,000 tons of waste per day were being diverted from Essex County's designated disposal sites,

much of it by businesses such as appellant's, which collect and dispose of merchant and demolition waste. Essex County observed that that diversion of waste deprived it of revenue and threatened to affect adversely its ability to meet its minimum-tonnage commitment to the operator of its resource-recovery facility. Because of those concerns—not because of a jurisdictional dispute about which agency must act first—Essex County had "refused to put plaintiff in its waste management plan until the State comes up with a regulatory scheme that guarantees that waste flow orders will be obeyed." (County of Essex Brief to Chancery Division, Apr. 7, 1989, at 9).

Before the Chancery Division, DEPE, relying primarily on the so-called "Pereira Memo," a notice issued by a former Deputy Director of the Division of Solid Waste, had contended that it had implemented adequate procedures that satisfied Essex County's concerns. The Pereira Memo states that transfer stations receiving waste from various sources must send the same waste received from each source, or waste of a similar amount and type, to the disposal facility designated for each source of waste. The Chancery Division disagreed that DEPE's procedures were adequate, expressing the view that the Pereira Memo was without regulatory force because it had not been adopted by rulemaking, and ordered DEPE to adopt specific regulations. DEPE declined to do so, but did not seek interlocutory review of the Chancery Division's order. Hence, the Chancery Division eventually issued the order on the basis of which the Appellate Division granted leave to appeal, directing DEPE to process appellant's SWF permit application even though appellant had not been included in Essex County's solid waste management plan. Plainly, the Chancery Division's order was prompted primarily by its view that DEPE's existing procedures for regulating disposal of waste emanating from more than one county were inadequate. Apparent from the record is the Chancery Division's determination that Essex County, as a practical matter, could not review objectively appellant's SWF permit application until DEPE had addressed

the County's concerns about solid waste diversion. Thus, the order directing DEPE to process appellant's SWF permit application reflected the Chancery Division's view that to require the application first to be processed by Essex County would be futile.

We are persuaded that the Appellate Division majority has correctly construed the relevant provisions of the Solid Waste Management Act (Act), *N.J.S.A.* 13:1E–1 to –207 in the context of the overall legislative purpose. Substantially for the reasons set forth in the majority opinion, 256 *N.J.Super.* at 98–103, 606 *A.*2d at 819–821, we concur in its conclusion that pursuant to the Act, the DEPE cannot grant an SWF permit for a facility that is not included in the adopted and approved solid waste management plan of the district in which the facility is located.

However, in the context of the underlying dispute before the Chancery Division between Essex County and DEPE over the validity and sufficiency of DEPE's procedures concerning disposal of waste delivered to facilities handling multi-district waste, the interests of justice would be disserved by a disposition that did not address that dispute before Essex County was required to pass on appellant's SWF permit application. Based on its view that the Pereira Memo is without legal effect, Essex County may continue to refuse to include appellant in its solid waste management plan because of its concern that Essex County waste handled by appellant's transfer station may not be sent to the designated Essex County disposal site. Hence, we remand the matter to the Appellate Division to address the issue of the validity and sufficiency of DEPE's existing procedures regulating disposal by transfer stations of multi-district waste. In the event the Appellate Division concludes that DEPE's existing procedures, regulations, and rulings (including the so-called "Pereira Memo") are defective or otherwise inadequate to fulfill the statutory mandate, it shall require the agency forthwith to adopt new or additional regulations. Essex County shall be joined as a party and ordered to participate in the remand proceedings before the Appellate Division.

The judgment of the Appellate Division is affirmed and the matter remanded to that court for further proceedings consistent with this opinion. We do not retain jurisdiction.

*For affirmance and remandment*—Chief Justice WILENTZ and Justices CLIFFORD, POLLOCK, O'HERN, GARIBALDI and STEIN—6.

*Opposed*—None.